# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| VESSEL SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMBUCKS, LLC, ASSOCIATES FOR QUALITY MANAGEMENT, INC., JOHN PATTERSON, JUDITH LOBUE AND KENNETH YAGER, II, <br><br> Defendants. | No. C-05-1028-LRR <br><br> **ORDER** |

_____

The matter before the court is a Motion to Set Aside Default ("Motion") (docket no. 18) filed by Defendants Sambucks, LLC, Associates for Quality Management, Inc., John Patterson, Judith LoBue and Kenneth Yager, II (collectively the "Defendants") on February 7, 2006.

On May 12, 2005, Plaintiff Vessel Systems, Inc. ("Plaintiff") filed a complaint alleging: breach of contract, conversion, and breach of fiduciary duty. Plaintiff alleged the court had subject-matter jurisdiction over the case pursuant to 28 U.S.C. § 1332 because complete diversity existed between the parties when the complaint was filed. Plaintiff also alleged that it is an Iowa corporation with its principal place of business in Iowa; Sambucks, LLC, is a Delaware limited liability company with its principal place of business in Illinois; John Patterson is a resident of Illinois; Judith LoBue is a resident of Illinois; and Kenneth Yager, II ("Yager") is a resident of Iowa.

Defendants' counsel filed an appearance on June 24, 2005, however, counsel never filed an answer to the complaint. On October 7, 2005, Plaintiff filed a Motion for Entry of Default alleging that Defendants had not filed a motion or answer. On October 11,

2005, at 1:27 p.m., the Clerk of Court filed a Default Entry. Later that same day, at 3:39 p.m., Defendants filed a Motion to Dismiss, alleging that the court lacked subject-matter jurisdiction and that venue was improper.

On October 28, 2005, Plaintiff dismissed Yager, the only non-diverse defendant, from the lawsuit. By dismissing Yager, Plaintiff implicitly conceded that complete diversity did not exist between the parties at the time the complaint was filed.

On January 12, 2006, the court denied Defendants' Motion to Dismiss without prejudice because Defendants had not moved to set aside the Default Entry. On February 7, 2006, Defendants filed the instant Motion. On February 23, 2006, Plaintiff timely filed a Resistance to Defendants' Motion. The court finds the Motion to be fully submitted and therefore turns to consider it.

Complete diversity did not exist before Plaintiff dismissed Yager from the lawsuit on October 28, 2005. The court only has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 when complete diversity exists. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Accordingly, the court lacked subject-matter jurisdiction on October 11, 2005, the date the Clerk of Court filed the Default Entry. *See, e.g.*, *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

Therefore, Defendants' Motion (docket no. 18) is granted and the Default Entry (docket no. 12) is set aside.

**IT IS SO ORDERED:**

(1) Defendants' Motion to Set Aside Default (docket no. 18) is **GRANTED**;

(2) The Default Entry (docket no. 12) is **SET ASIDE**;

(3) Defendants must file an answer as soon as possible and no later than April 23, 2006; and

(4) Plaintiff and Defendants must file a Scheduling Order and Discovery Plan as soon as possible and no later than May 3, 2006.

**DATED** this 3rd day of April, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA