**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| VESSEL SYSTEMS, INC., | | |
| Plaintiff, | | No. 05-CV-1028-LRR |
| vs. | | |
| SAMBUCKS, LLC, ASSOCIATES FOR QUALITY MANAGEMENT, INC., JOHN PATTERSON and JUDITH LOBUE, | | **ORDER** |
| Defendants. | | |

_____

## TABLE OF CONTENTS

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

II.     RELEVANT PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . *2*

III.    STANDARDS OF CONSIDERATION . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

IV.     WAIVER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

V.      VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        A.   Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        B.   Contract Interpretation  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        C.   Enforceability of Forum Selection Clauses . . . . . . . . . . . . . . . . . . *8*
             1.   Applicable law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
             2.   Enforceability as to breach of contract claim (Count I) . . . . *11*
             3.   Enforceability as to non-contract claims (Counts II & III) . . *13*
                  a.   Initial considerations . . . . . . . . . . . . . . . . . . . . . . . *14*
                  b.   First Circuit test . . . . . . . . . . . . . . . . . . . . . . . . . . *15*
                  c.   Third Circuit test . . . . . . . . . . . . . . . . . . . . . . . . . . *15*
                  d.   Ninth Circuit test . . . . . . . . . . . . . . . . . . . . . . . . . . *16*
                  e.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *16*
             4.   Enforceability as to Defendants Patterson and LoBue . . . . . *16*
             5.   Unconscionability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *19*

VI.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *19*

# I.  INTRODUCTION

The matter before the court is the combined Motion to Dismiss and Answer (docket no. 24), filed by Defendants SamBucks, LLC ("SamBucks"), Associates for Quality Management, Inc. ("AQM"), John Patterson ("Patterson") and Judith LoBue ("LoBue") (collectively referred to as "Defendants").

## II.  RELEVANT PROCEDURAL BACKGROUND

On May 12, 2005, Plaintiff Vessel Systems, Inc. ("Vessel Systems") filed a three-count Complaint.  Count I alleges breach of contract against AQM and SamBucks. Count II alleges conversion against all Defendants.  Count III alleges breach of fiduciary duty against AQM.

On June 24, 2005, Counsel for Defendants filed an appearance, but did not file an answer or motion.

On August 10, 2005, and October 4, 2005, Vessel Systems notified Defendants of Vessel Systems's intention to file a motion for default entry.  On September 23, 2005, the Clerk of Court provided a formal Notice of Dismissal to the parties, which notified them that the Complaint would be dismissed pursuant to Local Rule 41.1 "unless some action" was taken by October 11, 2005.

On October 7, 2005, Vessel Systems filed a Motion for Entry of Default by the Court.  On October 11, 2005, the Clerk of Court issued a Default Entry against all Defendants.  Later that same day, Defendants filed a motion to dismiss, alleging that the court lacked subject-matter jurisdiction and that venue was improper.  On October 28, 2005, Vessel Systems dismissed a non-diverse defendant.

On January 12, 2006, the court denied the motion to dismiss.

On February 7, 2006, Defendants moved to set aside the Default Entry. On April 4, 2006, the court set aside the Default Entry and ordered Defendants to file an answer by April 23, 2006.

On April 21, 2006, Defendants filed the instant Motion to Dismiss and Answer. On May 8, 2006, Vessel Systems filed a resistance to the Motion to Dismiss and Answer ("Resistance"). On May 15, 2006, Defendants filed a reply ("Reply"). Neither party requested oral argument.

Finding the matter fully submitted, the court turns to consider the Motion to Dismiss.

### III.  STANDARDS OF CONSIDERATION

This court should consider Defendants' Motion to Dismiss in the light most favorable to the non-movant, Vessel Systems. *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) ("When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.").

### IV.  WAIVER

Defendants seek to dismiss the case because the two agreements, which are the subject of the Complaint, contain mandatory, comprehensive forum selection clauses. Defendants argue the only proper venue is in Cook County, Illinois.

In Vessel Systems's Resistance, it first argues that Defendants have waived their venue argument by not raising it in a timely manner. Vessel Systems argues that, because Defendants did not file a motion to dismiss prior to June 23, 2005, the twentieth day after the Summons and Complaint were served on them, they cannot now argue that venue is improper. Alternatively, Vessel Systems argues that Defendants waived the venue argument because they are not permitted to combine their answer and motion to dismiss in a single filing.

3

In Defendants' Reply, they argue that there was no waiver due to untimeliness because, in the court's April 4, 2006 order setting aside the Default Entry, the court specifically permitted Defendants to file an answer by April 23, 2006. They argue that, because the court extended the time to respond to the Complaint, they did not waive their objection to forum. Defendants argue that Vessel Systems's argument regarding combining the motion to dismiss and answer is a "waste of this court's time," because Federal Rule of Civil Procedure 12(h)(1) permits combining the documents.

Federal Rule of Civil Procedure 12 provides, in part:

> **(b) How Presented.** Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (3) improper venue . . . . A motion making [this defense] shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. . . .
>
> **(h) Waiver or Preservation of Certain Defenses.**
> **(1)** A defense of . . . improper venue . . . is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Fed. R. Civ. P. 12(b) & (h) (emphasis in original); *see also Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) (stating that both personal jurisdiction and venue may be waived). Rule 12(g) provides that, to avoid waiver, all defenses under Rule 12 should be consolidated. Fed. R. Civ. P. 12(g).

Defendants did not waive their venue argument by failing to raise it before June 23, 2005, because, as the court has explained in a previous order, it did not have jurisdiction over the case prior to October 28, 2005. In the court's April 4, 2006 order, it permitted

4

the filing of an answer by April 23, 2006. Therefore, Defendants' April 21, 2006 Motion to Dismiss and Answer was timely.

Vessel Systems's alternative argument regarding waiver of venue pertains to the fact that Defendants combined their Answer and Motion to Dismiss. Rule 12 clearly provides that a motion to dismiss due to improper venue "shall be made *before* pleading if a further pleading is permitted." Fed. R. Civ. P. 12(b) (emphasis added). The plain language of the rule suggests that Defendants' combined Motion to Dismiss and Answer is not an example of artful pleading, however, the Federal Rules of Civil Procedure emphasize substance over form. *See* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."); Fed. R. Civ. P. 1 (providing that the Federal Rules of Civil Procedure should "be construed and administered to secure the just, speedy, and inexpensive determination of every action"); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1347, at n.2 (2006 Supp.) ("Rule 12(b) encourages the responsive pleader to file a motion to dismiss before pleading, but it does not prohibit the filing of the motion with the party's answer." (citing *Beary v. W. Publ'g*, 763 F.2d 66, 68 (2d Cir. 1985))). *Cf. Hungate v. United States*, 626 F.2d 60, 62 (8th Cir. 1980) ("While the federal courts should remain sensitive to the liberal federal rules of pleading, they should remain equally sensitive to the mandate of Rule 1 . . . [and] [m]eritless claims should be disposed of at the first appropriate opportunity.").

Defendant filed a brief in support of the Motion to Dismiss, in compliance with Local Rule 7.1(d). *See* LR 7.1(d) ("For every motion, the moving party must prepare a brief containing a statement of the grounds for the motion and citations to the authorities upons which the moving party relies . . . ."). Construing the pleadings so as to do substantial justice, Fed. R. Civ. P. 8(f), the court finds that Defendants have not waived their venue objection by filing a combined motion and answer.

The court shall turn to consider the merits of Defendants' venue argument.

5

## V. VENUE

### A. Facts

The subjects of the Complaint are a Management Agreement and an Escrow Agreement (collectively the "Agreements"). Both Agreements include forum selection clauses. Vessel Systems and AQM entered into the Management Agreement on March 14, 2005. *See* Management Agreement (docket no. 2, Ex. A). It provides, in pertinent part:

> 12.8 **Choice of Venue.** The parties agree that any action brought to enforce the terms of this [Management] Agreement or to collect any sum due hereunder shall be brought in a court having its situs in Cook County, Illinois and that venue properly lies in said county and state. Each of the parties waives trial by jury and waives any objection which the parties may have based on improper venue or *forum non conveniens* to the conduct of any proceeding instituted hereunder.

*Id.* at § 12.8 (emphasis in original). On the same date, March 14, 2005, Vessel Systems and SamBucks entered into the Escrow Agreement. The Escrow Agreement provides an identical forum selection clause. *See* Escrow Agreement (docket no. 2, Ex. B, at § 12(R)).

Both Agreements also contain choice-of-law provisions, which provide: "This Agreement shall be governed by and construed under and in accordance with the laws of the state of Illinois without reference to or application of its choice of law principles." *See* Management Agreement (docket no. 2, Ex. A, at § 12.1); Escrow Agreement (docket no. 2, Ex. B, at § 12(S)).

### B. Contract Interpretation

The parties dispute the applicability of the forum selection clauses in the Agreements. Therefore, the court is presented with a question of contract interpretation. *See Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 788 (8th Cir. 2006) (explaining that disputes over "the meaning, scope or applicability of the forum selection clause" would be "questions of contract interpretation"). The court must determine "whether the forum selection clause is mandatory such that an action on the contract may

6

be maintained only in [Cook County, Illinois], or whether the clause is merely permissive such that an action on the contract may be maintained in other reasonably convenient forums where personal jurisdiction exists." *Dunne v. Libbra*, 330 F.3d 1062, 1063 (8th Cir. 2003).

As previously stated, the Agreements contain choice-of-law provisions specifying that the Agreements "shall be governed by and construed under and in accordance with the laws of the state of Illinois . . . ." Therefore, the court will apply Illinois law to interpret the Agreements.

"Applying Illinois law to the contract[s], it is clear that a contract's language must be given its plain and ordinary meaning if possible." *Dunne*, 330 F.3d at 1064 (quotation and citations omitted); *see Dowd & Dowd, Ltd. v. Gleason*, 693 N.E.2d 358, 368 (Ill. 1998) ("The terms of an agreement, if not ambiguous should generally be enforced as they appear . . . and those terms will control the rights of the parties." (Citations omitted.)). In *Dunne v. Libbra*, the Eighth Circuit Court of Appeals considered a forum selection clause, which provided: "This agreement shall be governed by and construed and enforced in accordance with the laws of the State of Illinois, and the parties consent to jurisdiction to [sic] the state courts of the State of Illinois." *Id.* at 1063 (alteration in original). The Eighth Circuit Court of Appeals concluded that there was no language in the forum selection clause that had an ordinary meaning that would suggest the consented-to forum was the exclusive forum in which suits could be brought. *Id.* at 1064. For example, the forum selection clause did not use words of exclusivity, such as "exclusive," "only" or "must." *Id.* The Eighth Circuit Court of Appeals contrasted the non-exclusive language in the forum-selection clause with the contract's choice-of-law provision, which stated that the contract "shall" be construed in accordance with Illinois law. *Id.*

Applying the rule of law set forth above—that the court give the language of these two clauses in the Agreements their ordinary meaning—the court finds the forum selection

Case 2:05-cv-01028-LRR   Document 30   Filed 03/06/07   Page 7 of 20

clauses in the Agreements are mandatory. Here, like in *Dunne*, the choice-of-law provisions indicate that the agreements "shall" be governed by Illinois law. Unlike the forum selection clause in *Dunne*, however, the forum selection clauses in the Management Agreement and the Escrow Agreement state that actions "shall be brought" in Cook County, Illinois. The forum selection clauses in these Agreements use a word of exclusivity, that is, the word "shall." *See Rainforest Cafe, Inc. v. EklecCo, LLC*, 340 F.3d 544, 546 (8th Cir. 2003) (noting that a lease contained a "mandatory forum selection clause" because it used the word "shall"); *McDonnell Douglas Corp. v. Islamic Republic of Iran*, 758 F.2d 341, 346 (8th Cir. 1985) (examining language of forum selection clauses and explaining that the words "shall" and "must" are mandatory and the word "should" is preferential).

Because the forum selection clauses in the Management Agreement and the Escrow Agreement are mandatory or exclusive, the court must turn to consider whether the agreed-to clauses are enforceable.

## C.  Enforceability of Forum Selection Clauses

Vessel Systems states four reasons why the forum selection clauses in the Agreements should not be enforced. It argues:

> First, the purported forum selection clause is narrowly drafted to include only enforcement and collection actions, not breach of contract, conversion, and breach of fiduciary duty actions. Second, contractual forum selection clauses generally do not apply to tort actions like conversion and breach of fiduciary duty actions. Third, the forum selection clause does not apply to non-parties to the contracts like [Patterson and LoBue]. Fourth, application of the purported forum selection clause would be unconscionable under the facts and circumstances of this case where [Vessel Systems] has alleged conversion and total breach of contract that it entered in a state of severe financial duress.

8

In their Reply, Defendants respond to Vessel Systems's fourth argument and states that Vessel Systems has "not even made a prima facie showing" of fraud, overreaching, duress or illegality.

### 1. *Applicable law*

Before addressing any of the arguments regarding enforceability of the forum selection clauses, the court must first examine whether it should apply state or federal law to determine enforceability. *See Servewell Plumbing*, 439 F.3d at 789 ("Initially, we must address the question of whether to apply state or federal law in determining the enforceability of the [forum selection] clause."). Moreover, if state law is applicable, then the court must decide which state—Illinois or Iowa.

Here, the parties disagree about which law governs the enforceability of the forum selection clauses. Vessel Systems argues that Iowa law governs, although it cites *Servewell Plumbing* and acknowledges that the Eighth Circuit Court of Appeals has not determined whether federal or state law is applicable. Defendant argues that Illinois law "clearly" applies here due to the choice of law provisions in the Agreements.

The Eighth Circuit Court of Appeals recently explained:

> Because "the enforceability of a forum selection clause concerns both the substantive law of contracts and the procedural law of venue," *Sun World Lines, Ltd. v. March Shipping Corp.,* 801 F.2d 1066, 1068-69 (8th Cir. 1986), there is some disagreement among the circuits over whether state or federal law applies, *see M.B. Rests., [Inc. v. CKE Rests., Inc.]*, 183 F.3d [750,] 752 n.4 [(8th Cir. 1999)] (collecting cases), and we have yet to adopt a definitive position on the issue. *Id.; Rainforest Cafe,* 340 F.3d at 546.

*Servewell Plumbing*, 439 F.3d at 789. Another panel of the Eighth Circuit Court of Appeals, however, has strongly suggested that federal law is applicable in this diversity case. *See Rainforest Cafe*, 340 F.3d at 546 (stating that the Eighth Circuit Court of Appeals is "inclined to agree" that "federal law controls the question of whether [a] forum

9

selection clause [is applicable]"); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31-32 (1988) (holding that, in diversity cases, federal law governs the determination of what effect to give forum selection clauses in contracts) (cited with approval in *Rainforest Cafe*, 340 F.3d at 546); 14D Charles A. Wright, et al., *Federal Practice & Procedure* § 3803.1 (2006 Supp.) (making clear that enforceability of forum selection clauses in diversity cases is "a matter of federal law" and stating: "Another common error is the frequent suggestion that there is still a dispute as to whether the enforcement of forum selection clauses in diversity cases presents a question of federal or state law under the *Erie* doctrine."); *Wells Fargo Fin. Leasing, Inc. v. Orlando Magic Ltd.*, 431 F. Supp. 2d 955, 960-63 (S.D. Iowa 2006) (Gritzner, J.) (examining whether personal jurisdiction existed and applying the federal standard to a forum selection clause); *Medicap Pharmacies, Inc. v. Faidley*, 416 F. Supp. 2d 678, 683 (S.D. Iowa 2006) (Pratt, J.) ("In a suit based on diversity of citizenship, federal law determines the validity of a forum selection clause." (citing *Sun World Lines*, 801 F.2d at 1068-69)); *Wellmark, Inc. v. Deguara*, No. 4:02-CV-40534, 2003 WL 21254637, *4 n.6 (S.D. Iowa May 28, 2003) (Gritzner, J.) ("Since enforcement of a forum selection clause in a *diversity action* is a procedural matter determined under federal law, *Stewart*, 487 U.S. at 32, there is no question that courts apply federal law, not state law, to determine the validity of a forum selection clause in a *federal question* case such as the one at bar." (Emphasis in original.)).

The Iowa Supreme Court does not follow the federal standard announced in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). *See Davenport Mach. & Foundry Co. v. Adolph Coors Co.*, 314 N.W.2d 432, 437 (Iowa 1982) (holding that forum selection clauses are not "legally binding" when they divest Iowa of jurisdiction that would otherwise exist); *see also EFCO Corp. v. Norman Hwy. Constructors, Inc.*, 606 N.W.2d 297, 299 (Iowa 2000) (refusing to "categorically reject[] the application of [a] choice-of-forum clause[]" and concluding that the defendant waived personal jurisdiction objections

10

when it signed a contract which included a choice-of-forum clause because consenting to jurisdiction via a forum-selection clause "has long been recognized under Iowa law"). Illinois follows the federal approach. *Yamada Corp. v. Yasuda Fire & Marine Ins. Co., Ltd.*, 712 N.E.2d 926 (Ill. App. Ct. 1999) ("Illinois courts . . . adopted the analysis in [*Bremen*] long ago and have since relied on federal case law when interpreting forum-selection clauses." (citing *Calanca v. D & S Mfg. Co.*, 510 N.E.2d 21, 22-23 (Ill. App. Ct. 1987) (citing, in turn, *Bremen*))). Because the results will be materially different depending on which law is applied, the court must first determine whether state or federal law is applicable. *Cf. Servewell Plumbing*, 439 F.3d at 789 ("Nor must we [determine whether state or federal law apply], since both Arkansas and Florida follow the federal standard announced by the Supreme Court in [*Bremen*].").

The court finds that, in this diversity case, it should apply federal law to determine whether the forum selection clauses in the Management Agreement and Escrow Agreement are enforceable clauses. The court believes that, if the Eighth Circuit Court of Appeals were to decide the issue, it would determine that federal law is applicable. *Rainforest Cafe*, 340 F.3d at 546.

### 2. *Enforceability as to breach of contract claim (Count I)*

Under the federal approach in *Bremen*, a *mandatory* forum selection clause "should control absent a strong showing that it should be set aside." *Bremen*, 407 U.S. at 15. "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Rests.*, 183 F.3d at 752 (citations omitted); *see also Marano Enters. of Kansas v. Z-Teca Rests., LP*, 254 F.3d 753, 757 (8th Cir. 2001) (same). The forum selection clause should be given effect unless the resisting party makes a "'strong showing that it should be set aside.'" *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591 (1991) (quoting *Bremen*, 407 U.S. at 15). "They are enforceable unless they would actually deprive the opposing party of his fair day

11

in court." *M.B. Rests.*, 183 F.3d at 752; *see Dominium Austin Partners, LLC v. Emerson*, 248 F.3d 720, 727 n.5 (8th Cir. 2001) ("[A] forum selection clause may be viewed as a waiver of a defendant's right to object to venue.").

Vessel Systems has made no allegations of fraud or overreaching. *See M.B. Rests.*, 183 F.3d at 752-53 (explaining that in order to set aside a forum selection clause for fraud, the party who contests the clause must allege that the clause was itself a product of fraud or specify facts which would support a claim of fraud). Moreover, Vessel Systems makes no claim that a court located in Cook County, Illinois, would be biased, incompetent or unwilling to apply another state's law, and there is no basis for such an inference. *See id.* (explaining that forum selection clauses can be set aside if the contesting party alleges that the courts in the designated state were biased, incompetent or unwilling to apply another state's law, if applicable). There is no evidence that upholding the forum selection clause would be fundamentally unfair or would contravene the public policy of either the State of Iowa or the State of Illinois. *M.B. Rests.*, 183 F.3d at 752. Therefore, the forum selection clauses in the Agreements are generally enforceable.

Vessel Systems contends that the forum selection clauses are so narrowly drafted that they apply only to "enforcement and collection actions" and do not apply to the claims asserted in the Complaint. Vessel Systems's argument lacks merit. The clauses are titled "Choice of Venue" clauses. They state that "any action brought to enforce the terms of this [a]greement or to collect any sum due hereunder" shall be brought in Illinois. And, finally, the clauses state that the parties "waive[] any objection which the parties may have based on improper venue . . . ." The use of the word "any" in this last sentence indicates that the waiver is a sweeping one, not a narrow waiver. The forum selection clauses in the Agreements are not so narrowly drawn as to exclude enforcement in this case; they are broad enough to apply to Vessel Systems's breach of contract claim.

For the forgoing reasons, the court finds that the forum selection clauses in the

Management Agreement and the Escrow Agreement are enforceable, at least, as to Vessel Systems's breach of contract claim.

### 3. *Enforceability as to non-contract claims (Counts II & III)*

Vessel Systems also argues that, the conversion claim and the breach of fiduciary duty claim are especially exempt from the forum selection clauses because they are non-contract claims. Defendants do not respond to these arguments.

In *Terra International, Inc. v. Mississippi Chemical Corporation*, 119 F.3d 688 (8th Cir. 1997), the Eighth Circuit Court of Appeals reviewed three tests adopted by various federal courts to determine the scope of contractual forum selection clauses. *Terra Int'l*, 119 F.3d at 694. The Eighth Circuit Court of Appeals stated:

> Although determining the scope of a forum selection clause is a rather case-specific exercise, several courts have offered further guidance on this issue and have articulated variously phrased general rules regarding the circumstances in which a forum selection clause will apply to tort claims. The Third Circuit has indicated that where tort claims "ultimately depend on the existence of a contractual relationship" between the parties, such claims are covered by a contractually-based forum selection clause. *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir.), *cert. denied*, 464 U.S. 938 (1983). In *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988), the Ninth Circuit stated that "[w]hether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." The First Circuit has phrased its test slightly differently, explaining that "contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties." *Lambert v. Kysar*, 983 F.2d 1110, 1121-22 (1st Cir. 1993). The district court in the present case referred to these cases, but relied chiefly on this court's decision in *Farmland Industries, Inc. v. Frazier-Parrott Commodities, Inc.*, 806 F.2d 848, 852 (8th Cir. 1986), *abrogated on other grounds by Lauro Lines v. Chasser*, 490

13

U.S. 495 (1989), for the general proposition that forum selection clauses cover tort claims that are directly or indirectly related to the parties' contractual relationship. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 922 F. Supp. [1334,] 1379-80 [(N.D. Iowa 1996)]. While the three previous cases do speak in general terms, our review of the *Farmland* decision leads us to conclude that the case does not stand for such a *general* proposition. Instead, the decision is limited to its facts, because the "directly" or "indirectly" language was contained in the specific forum selection clause at issue in that case. *See Farmland,* 806 F.2d at 849, 852. Consequently, our consideration is limited to the first three generally applicable tests.

*Terra Int'l*, 119 F.3d at 694; *see Farmland*, 806 F.2d at 852 (holding that claims of fraud, breach of fiduciary duty and violations of securities laws and RICO against a commodities broker by its customer were "broader than the clause," because they "d[id] not all arise directly or indirectly from the agreement"); *see also Lauro Lines*, 490 U.S. at 497 (abrogating *Farmland* on the issue of whether denial of a motion to dismiss on basis of forum selection clause was immediately appealable).

### a. Initial considerations

In addition to the tests cited in *Terra International*, the Eighth Circuit Court of Appeals has considered other factors when determining whether a contractual forum selection clause applies to non-contract claims. One consideration is the language of the forum selection clause itself. *Terra Int'l*, 119 F.3d at 693 ("'Whether tort claims are to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses . . . .'" (quoting *Berrett v. Life Ins. Co. of the Sw.*, 623 F. Supp. 946, 948-49 (D. Utah 1985))). The words chosen by the parties in the Agreements reflect an intention to litigate disputes over the Agreements in Cook County, Illinois.

14

Another consideration is whether the parties could have anticipated that non-contract claims would be litigated in Illinois. *Terra Int'l*, 119 F.3d at 695. Given the forum selection clause in each of the Agreements, the court finds that both parties could have anticipated litigation over contract and contract-related issues, such as the conversion claim and the breach of fiduciary duty claim, in courts in Cook County, Illinois.

### b. First Circuit test

Under the First Circuit Court of Appeal's test, the court must examine whether Vessel Systems's non-contract claims involve "'the same operative facts as [the] parallel claim for breach of contract[.]'" *Terra Int'l*, 119 F.3d at 694 (quoting *Lambert*, 983 F.2d at 1121-22)). The same facts give rise to each of the three claims alleged by Vessel Systems in the Complaint. Under the First Circuit's test, as approved by the Eighth Circuit Court of Appeals in *Terra International*, all three of Vessel Systems's claims "should be heard in the forum selected by the contracting parties." *Id*. The forum selection clauses apply to Vessel Systems's conversion and breach of fiduciary duty claims under this test.

### c. Third Circuit test

Under the Third Circuit Court of Appeal's test, the forum selection clauses apply to all three claims in the Complaint. The conversion claim "ultimately depend[s] on the existence of a contractual relationship" between Vessel Systems and AQM. *See Terra Int'l*, 119 F.3d at 694 (citing *Coastal Steel Corp.*, 709 F.2d at 203)). Without the Management Agreement, AQM, Patterson and LoBue would never have had access to Vessel Systems's funds or inventory, the subject of the conversion claim. Moreover, there would not have been a fiduciary duty between Vessel Systems and AQM absent the Management Agreement. Under the Third Circuit's test, as approved by the Eighth Circuit Court of Appeals in *Terra International*, the forum selection clauses apply to both the conversion claim and the breach of fiduciary duty claim.

15

#### d. Ninth Circuit test

Under the Ninth Circuit's test, the forum selection clause probably does not apply to the conversion claim, because "resolution" of the conversion claim does not "relate[] to interpretation" of the Management Agreement or Escrow Agreement. On the other hand, the breach of fiduciary duty claim definitely "relates to interpretation" of the Agreements. In fact, Vessel Systems alleges that "AQM failed to act in the interest of [Vessel Systems] as it had promised to do." That promise was allegedly made in the Management Agreement and the Escrow Agreement, therefore, the Agreements must be interpreted before the breach of fiduciary duty claim can be resolved. Under the Ninth Circuit's test, as approved by the Eighth Circuit Court of Appeals in *Terra International*, the forum selection clause applies to the breach of fiduciary duty claim.

#### e. Conclusion

Under the three tests approved of by the Eighth Circuit Court of Appeals, Vessel Systems's conversion and breach of fiduciary duty claims should be subject to the forum selection clauses in the Management Agreement and the Escrow Agreement. Both parties should have anticipated that each of the three claims alleged by Vessel Systems could have been litigated in Cook County, Illinois.

### 4. Enforceability as to Defendants Patterson and LoBue

Vessel Systems argue that, even if the forum selection clauses in the Management Agreement and Escrow Agreement are enforceable as to Sambucks and AQM, they are not enforceable as to the individual Defendants Patterson and LoBue. Vessel Systems argues that, because Patterson and LoBue were not parties to the Agreements, they cannot enforce the forum selection clauses because they cannot show that the clauses were "made for their express benefit as third-party beneficiaries." Defendants argue that because Patterson is the founder of AQM and LoBue is the president, they each have a "close relationship to a contract signatory" and are, therefore, allowed to invoke the forum selection clauses.

16

Vessel System's only claim against Patterson and LoBue is Count II—the conversion claim. The court has already determined that the conversion claim is subject to the forum selection clauses. Therefore, the only question that remains is whether these non-parties to the contract are subject to the forum selection clauses. The Eighth Circuit Court of Appeals has held that a "voluntary plaintiff" who was a shareholder, officer and director of a corporation that was a party to a franchise agreement and a development agreement was so "'closely related' to the disputes arising out of the agreements" that he was "bound by the forum-selection provisions." *Marano Enters. of Kansas v. Z-Teca Rests., LP*, 254 F.3d 753, 757 (8th Cir. 2001). *Cf. Rainforest Cafe*, 340 F.3d at 546-47 (determining that the forum selection clause in a contract between the plaintiff's subsidiary and the defendant was enforceable against the non-signatory plaintiff). The Seventh Circuit Court of Appeals has determined that when the alleged conduct of non-parties to a contract "is closely related to the contractual relationship, all the participants, parties and non-parties should benefit from and be subject to any forum selection clauses contained in the same." *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993) (cited with approval by the Eighth Circuit Court of Appeals in *Marano Enters.*, 254 F.3d at 757); *see Dominium Austin Partners*, 248 F.3d at 728 ("It would be inequitable to allow appellants to claim that these parties are liable for failure to perform under a contract and at the same time to deny that they are contractual parties in order to avoid enforcement of the arbitration clause."). The Ninth Circuit Court of Appeals has similarly ruled that "'a range of transaction participants, parties and nonparties, should benefit from and be subject to forum selection clauses.'" *Manetti-Farrow*, 858 F.2d at 514 n.5 (quoting *Clinton v. Janger*, 583 F. Supp. 284, 290 (N.D. Ill. 1984)).

According to the Complaint, Patterson is the founder of AQM and LoBue is the president. The notice provisions of both the Management Agreement and the Escrow Agreement provide that Patterson is one of the four persons to be notified, in the event of

17

a notice, claim, request or demand. Additionally, Patterson signed each Agreement. He signed the Management Agreement on behalf of AQM, and he signed the Escrow Agreement on behalf of SamBucks. Therefore, Patterson and LoBue are agents of AQM, and Patterson is an agent of SamBucks. Any benefit these individuals receive from the Agreements is a direct result of their respective positions as founder and president of AQM.[1]

Therefore, even though Patterson and LoBue are not parties to the Management Agreement and the Escrow Agreement, and, even though LoBue was not a signatory to the Agreements, both Patterson and LoBue had such close relationships with AQM, that both Defendants may seek to enforce the forum selection clauses. *Marano Enters.*, 254 F.3d at 757; *see Manetti-Farrow*, 858 F.2d at 514 n.5 (determining that the "forum election clause" applied to the nonparties because their alleged conduct was "so closely related to the contractual relationship that the forum selection clause" applied to them); *see also Texas Source Group, Inc. v. CCH, Inc.,* 967 F. Supp. 234, 237 (S.D. Tex. 1997) (rejecting the plaintiff's suggestion that the forum selection clause in an agreement did not apply to Clarkson, an individual who was a nonparty to the agreement, and stating: "[E]ven though Clarkson is not a signatory to the [a]greement, his relationship with the plaintiffs and the defendants is so inextricably intertwined that he should be subject to the forum-selection clause."); *Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.*, 949 F. Supp. 1427, 1434 (N.D. Cal. 1997) (determining that the forum selection clause in a professional services agreement applied to two parties, a corporate plaintiff and an individual, who were not signatories to the agreement).

---

[1] Plaintiff argues that, it is "clearly free to sue Patterson and LoBue in this action in Iowa" because those two Defendants cannot show that they are third-party beneficiaries to the Agreements. The court shall not address this argument, because it shall find that Patterson and LoBue can, indeed, seek to enforce the forum selection clause because of their close relationships with AQM. *Marano Enters.*, 254 F.3d at 757.

18

### 5. *Unconscionability*

Plaintiff finally argues that enforcement of the forum selection clauses would be unconscionable under the facts and circumstances of the case because Plaintiff entered into the Agreements at a time when it was "experiencing financial difficulties and is unable to pay its debts and other obligations as they come due."

The Eighth Circuit Court of Appeals has stated: "[A] party seeking to avoid his promise must demonstrate that proceeding in 'the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *Servewell Plumbing*, 439 F.3d at 790 (quoting *Dominium Austin Partners*, 248 F.3d at 727, and citing *Bremen*, 470 U.S. at 15, and *M.B. Rests.*, 183 F.3d at 753). Plaintiff has neither demonstrated such a hardship nor alleged that the Agreements were a product of fraud, duress, overreaching or illegality. *M.B. Rests.*, 183 F.3d at 752-53.

Defendants' Motion to Dismiss shall be granted.

## VI. CONCLUSION

For the forgoing reasons, the court hereby **ORDERS**:

(1)     Venue in this court is improper, due to the mandatory forum selection clauses in the Management Agreement and the Escrow Agreement;

(2)     Defendants' Motion to Dismiss (docket no. 24) is **GRANTED**;

(3)     Each claim in the Complaint (docket no. 2) is **DISMISSED WITHOUT PREJUDICE**; and

19

(4)     The Clerk of Court is hereby ordered to assess all costs against Plaintiff.


**IT IS SO ORDERED.**

**DATED** this 6th day of March, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA